In re BOSLER SUPPLY GROUP, an Illinois partnership, I.D. # 36–3266896, d/b/a Bosler Supply Company, Tools and Abrasives, Harris & Lee, Couch & Heyle, Industrial Supply Company, Industrial Service Center, Twin States Industrial Supply, Jacobson & Daw, and Signa Communications, Debtor.

AMERICAN SAW & MFG. COMPANY, Plaintiff,

v.

BOSLER SUPPLY GROUP, Defendant.

Bankruptcy No. 86 B 2065.
Adv. No. 86 A 0214.

United States Bankruptcy Court, N.D. Illinois, E.D.

Oct. 31, 1986.

Michael T. Reid, Halfpenny, Hahn & Roche, Chicago, Ill., for plaintiff.

Eric S. Rein, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

THOMAS JAMES, Bankruptcy Judge.

American Saw & Manufacturing Company, plaintiff, and Bosler Supply Group, defendant, have each filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [Bankruptcy Rule 7056]. The court will grant Bosler Supply's motion and enter judgment in its favor dismissing the complaint.

Bosler Supply is an Illinois partnership that does business under several names, including Tools and Abrasives, Inc. Before the filing of Bosler Supply's chapter 11 petition, American Saw sold certain goods to T & A on open account in the ordinary course of its business under the following invoices:

| Date of Invoice and Shipment | Invoice Nos. | Amount |
|---|---|---|
| 1/31/86 | 30418 | $ 558.60 |
| 2/ 3/86 | 27868 | 26,434.32 |
|  | 30469 | 247.20 |
|  | 31136 | 1,236.31 |
| 2/ 5/86 | 27808 | 2,398.59 |
|  | 27868–01 | 521.73 |
|  | 30383 | 159.50 |
| 2/ 6/86 | 230801 | 294.10 |
|  | 32092 | 161.33 |
|  | 32573 | 106.65 |
|  | Total | $33,550.33. |

Prior to these sales, on or about December 20, 1983, Bosler Supply entered into a certain accounts receivable financing arrangement with Manufacturers Hanover Commercial Corporation. To secure these loans, Bosler Supply granted MHCC liens on and security interests in certain collateral, including among other things, all the inventory of T & A. MHCC perfected its security interest in the collateral by filing uniform commercial code financing statements in the offices of the Secretary of State of Illinois and Wisconsin. Pursuant to the terms of this financing MHCC has from time to time loaned money to Bosler Supply. At the time of the filing of its chapter 11 petition, Bosler Supply was indebted to MHCC in the approximate amount of $4,645,000, plus accrued interest and other costs and fees due according to the terms of the financing arrangement.

T & A received the invoiced goods from American Saw on or after the invoice dates and has not made any payment of the $33,550.33 owed to American Saw for the goods. T & A received the goods from American Saw while insolvent.

On February 12, 1986, within ten days of T & A's receipt of the goods, American Saw delivered to T & A a written demand for immediate reclamation of the goods or their proceeds. At the time T & A received this notice it had $31,787.62 of the goods in its possession. During the period from February 13, 1986 to April 29, 1986, T & A sold $26,690.70 of the goods to third parties.

On April 29, 1986, the assets of Bosler Supply, including those of T & A, were sold to Consolidated Stores International Inc. and Engman-Taylor Co. Inc., including the remaining $4,826.92 of the goods in Bosler Supply's possession. The proceeds from this sale were paid to MHCC in full payment of Bosler Supply's indebtedness. The parties agreed that the goods claimed by American Saw would be sold free and clear of any interest of American Saw and that any right of American Saw to reclaim its goods would attach to the proceeds of sale. T & A has not returned the goods or the proceeds of sale to American Saw.

■ This court, as noted, has concluded that judgment is to be entered in Bosler Supply's favor and the complaint dismissed. The court has read and considered the cases cited by American Saw and in light of American Saw's comments has reconsidered the case of *In re Coast Trading Co., Inc.,* 744 F.2d 686 (9th Cir.1984). This court is still of the opinion that American Saw has no interest in the goods sold for it could not have reclaimed the goods because

of MHCC's prior lien. The law is clear that a creditor with a perfected security interest in after-acquired property is a good faith purchaser whose claim is superior to that of a reclaiming seller. MHCC's floating lien on Bosler Supply's inventory, including American Saw's goods, has priority over any rights of American Saw to reclaim.

■ There remains a question according to American Saw as to whether its reclamation rights under Bankruptcy Code § 546(c) are extinguished because of the existence of MHCC's security interest in the goods sought or in their proceeds of sale. In final analysis, American Saw urges that because MHCC's prior lien precludes American's right to reclaim, American Saw must have a lien on all of Bosler Supply's assets subject only to MHCC's prior lien, so that once MHCC's lien is paid American Saw may be paid ahead of any other creditor. To state the proposition shows the error of American Saw's position. It seems logical to hold that MHCC's lien extinguishes any rights American Saw may claim in order to avoid the result suggested.

Bankruptcy Code § 546(c)(2)(A) does provide that a seller may reclaim goods sold to a debtor while insolvent, provided the reclaimant has demanded in writing reclamation of the goods before ten days after debtor's receipt of the goods. But this provision merely recognizes the remedies granted a seller on the discovery of a buyer's insolvency under § 2–702(2) of the Uniform Commercial Code and prohibits the court from denying seller's request for reclamation only if the court grants the seller a priority claim under Bankruptcy Code § 503(b) or secures seller's claim by a lien.

The legislative history of Bankruptcy Code § 546(c)(2)(A) states:

Subsection (b) [enacted as subsection (c)] specifies that the trustee's rights and powers under the strong arm clause, the successor to creditors provision, the preference section, and the postpetition transaction section are all subject to any statutory or common-law right of a seller, in the ordinary course of business, of goods to the debtor to reclaim the goods if the debtor received the goods on credit while insolvent. The seller must demand reclamation within ten days after receipt of the goods by the debtor. As under nonbankruptcy law, the right is subject to any superior rights of other creditors. The purpose of the provision is to recognize, in part, the validity of section 2–702 of the Uniform Commercial Code, which has generated much litigation, confusion, and divergent decisions in different circuits. The right is subject, however, to the power of the court to deny reclamation and protect the seller by granting him a priority as an administrative expense for his claim arising out of the sale of the goods. H.R.Rep. No. 595, 95th Cong., 1st Sess. 371–372, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6327–28.

Thus, the stated purpose of Bankruptcy Code § 546(c) is to enable a debtor seeking reorganization to use goods that a seller may wish to reclaim, provided the court gives some assurance of payment to the seller. Congress did not intend to make a right of reclamation absolute. No provision of the Bankruptcy Code or of the Uniform Commercial Code gives a reclaiming seller an administrative priority or substitute lien if the seller's reclamation rights are frustrated by the presence of a prior lien.

Congress merely recognizes the validity of a seller's reclamation rights and tells the bankruptcy court that it may let a debtor retain the goods sought if the court provides for the seller. See *In re Coast Trading Co., Inc.,* 744 F.2d 686 (9th Cir.1984). Congress did not contemplate the replacement of reclamation by a lien equal in value and effectiveness if there were no right of reclamation at the time it was asserted. Congress's expression of priorities in the Bankruptcy Code must be strictly read and not expanded unless plainly mandated. To do otherwise would attenuate the system of priorities that Congress has set forth.

Thus, it is of paramount importance to American Saw that it have a right to re-

claim before it may argue for any type of secondary position to MHCC ahead of other creditors. Because American Saw could not reclaim, it had no rights in goods that it sold. There is no doubt that American Saw made a timely written demand for reclamation of its goods T & A received while insolvent. But as has been noted, American Saw could not reclaim its goods from T & A because of the superior lien of MHCC. The fact that MHCC has been paid, does not reestablish American Saw's right to reclaim. It was extinguished because of the superior lien of MHCC. There is but one moment of truth under Bankruptcy Code § 546(c)(2)(A): that moment of truth is that when American Saw attempts to assert its right to reclaim. No right to reclaim means that there is no lien on Bosler Supply's assets or the proceeds of sale of its assets. There are no issues of material fact that need be tried as to Bosler Supply's motion for summary judgment. Bosler Supply is entitled to judgment as a matter of law.

It is therefore ordered that the motion of American Saw & Manufacturing Company, plaintiff, for summary judgment is denied. It is further ordered that the motion of Bosler Supply Group, defendant, for summary judgment is granted. Judgment is therefore entered in favor of Bosler Supply Group, defendant, and against American Saw & Manufacturing Company, plaintiff. Complaint dismissed.