**In the Matter of LEEDS BUILDING PRODUCTS, INC., Debtor.**

**Bankruptcy No. A91–81896–WHD.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 9, 1992.

Frank B. Wilensky, Shayna M. Steinfeld, Macey, Wilensky, Cohen, Wittner & Kessler, Atlanta, Ga., for debtor.

William F. Mitchell, William H. Lawson, Lawson and Davis, Atlanta, Ga., for Prudential Metal Supply Corp. d/b/a Prudential Southern Bldg. Material.

Peter M. Pearl, David V. Levy, Smith, Gambrell & Russell, Atlanta, Ga., for MacMillan Bloedel Bldg. Materials, a div. of MacMillan Bloedel of America, Inc., Furman Lumber, Inc., Temco Metals, Inc., and Owens Corning Fiberglass Corp.

Lea Souza Rasile, Popham, Haik, Schnobrich & Kaufman, Ltd., Miami, Fla., for MiTek Industries, Inc.

Jay E. Loeb, Gershon, Olim, Katz & Loeb, Atlanta, Ga., for Bloch Lumber Co., Inc.

## ORDER

W. HOMER DRAKE, JR., Bankruptcy Judge.

On March 10, 1992, this Court entered an Order in the above-referenced bankruptcy case for the sole purpose of ruling on two threshold legal issues concerning Motions for Reclamation filed by eight creditors (hereinafter referred to as "Sellers") against the debtor, Leeds Building Products, Inc. ("Debtor"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b).

On November 22, 1991, Debtor, which is in the business of selling construction materials, filed a Chapter 11 bankruptcy petition in this Court. As of November 27, 1991, twenty seven creditors had filed notices of reclamation pursuant to O.C.G.A. § 11–2–702 (U.C.C. § 2–702), asserting the right to reclaim goods previously delivered to Debtor. None of the reclaiming creditors had filed UCC–1 forms to perfect a purchase-money security interest in the goods. Another creditor, CIT Group/Business Credit, Inc. ("CIT"), holds a lien on all of Debtor's inventory, both pre-existing and after-acquired. CIT's floating lien purportedly encompasses the goods sought to be reclaimed by Sellers.

On February 25, 1992, a hearing was held on the Motion to Reclaim filed by Prudential Metal Supply Corporation. However, because of the potential number of Motions for Reclamation that could be filed in the case, the parties agreed that it would be in the best interest of the parties and the Court's time if the Court would address two legal issues common to all of the Motions. These issues are as follows:

1. Whether a reclaiming creditor has the right of reclamation pursuant to O.C.G.A. § 11–2–702 if there is a creditor with a prior perfected security interest on Debtor's inventory; and

2. Whether a reclaiming creditor should be granted a lien and/or administrative claim pursuant to 11 U.S.C. § 546 when there is a secured creditor with a prior perfected lien on a Chapter 11 debtor's inventory.

Notice was sent to all interested parties, including any sellers who gave notice of reclamation, allowing them fifteen days to respond and support their position. Eight creditors responded, including Universal Forest Products, Inc., MacMillan Bloedel Building Materials, Mitek Industries, Inc., Furman Lumber, Inc., TEMCO Metals, Inc., Owens Corning Fiberglass Corporation, Gilman Building Products, Co., and Bloch Lumber Company, Inc. As stated, the Court will only address the two basic legal questions, and will not make specific findings of fact concerning the ultimate right of reclamation by Sellers. The Court will also not make specific findings of fact concerning the validity of CIT's security interest. Those determinations will be made at a later hearing, if necessary. The Court will now turn to the two legal issues at hand.

A. Whether a reclaiming creditor has the right of reclamation pursuant to O.C.G.A. § 11–2–702 if there is a creditor with a prior perfected security interest on Debtor's inventory.

Section 546 of the Bankruptcy Code allows a creditor to reclaim goods

delivered to a debtor under certain conditions. The relevant section reads, in pertinent part, as follows:

(c) Except as provided in subsection (d) of this section, the rights and powers of a trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor; and

(2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court—

(A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or

(B) secures such claim by a lien.

11 U.S.C. § 546(c). This section is the exclusive remedy of a seller who seeks to reclaim goods from a debtor. *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1346 (11th Cir.1988) (*citing In re Rozel Industries*, 74 B.R. 643, 646 (Bankr.N.D.Ill. 1987)); *In re MGS Marketing*, 111 B.R. 264, 267 (Bankr. 9th Cir.1990); *In re Dynamic Technologies Corp.*, 106 B.R. 994 (Bankr.D.Minn.1989). Thus, in order to establish an entitlement to reclaim goods, a seller has the burden of establishing the following:

1. A statutory or common law right to reclaim the goods;

2. Debtor's insolvency at the time it received the goods; and

3. A written demand for reclamation made within ten days after Debtor's receipt of the goods.

*Rawson*, 846 F.2d at 1343; *see also In re Braniff, Inc.*, 113 B.R. 745, 751 (Bankr. M.D.Fla.1990); *In re Video King of Illinois, Inc.*, 100 B.R. 1008, 1013–14 (Bankr. N.D.Ill.1989); *In re Bosler Supply Group*, 74 B.R. 250 (N.D.Ill.1987); *In re Flagstaff Foodservice Corp.*, 56 B.R. 899, 905 (Bankr.S.D.N.Y.1986). The second and third factors are questions of fact which will not be addressed in this Order. However, the first requirement, that a seller establish a statutory or common-law right of reclamation, is at the heart of the issues now before the Court.

Sellers allege that they have a statutory right to reclaim the goods sold pursuant to § 11–2–702 of the Official Code of Georgia, which mirrors § 2–702 of the Uniform Commercial Code. That section states, in pertinent part:

(2) Where the seller has discovered that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery the ten-day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to repay.

(3) The seller's right to reclaim under subsection (2) of this Code section is subject to the rights of a buyer in ordinary course or other good faith purchaser or lien creditor under this article (Code Section 11–2–403). Successful reclamation of goods excludes all other remedies with respect to them.

O.C.G.A. § 11–2–702. Thus, in addition to the requirements found in § 546(c) of the Bankruptcy Code, Sellers must also satisfy O.C.G.A. § 11–2–702. The primary differences between the Code and the UCC are that the Code does not waive the ten-day notice requirement if the buyer fraudulently misrepresents its solvency to the seller, and the Code specifies that notice must be in writing. *Rawson*, 846 F.2d at 1347 (and cases cited therein); *see also In re Griffin Retreading Co.*, 795 F.2d 676, 678–79 (8th Cir.1986).

■ The specific issue before the Court is whether a reclaiming seller, assuming it has otherwise established the requirements of a right to reclaim under O.C.G.A. § 11–

2–702(2), retains the right of reclamation if there is a creditor with a prior perfected security interest on Debtor's after-acquired inventory. The Georgia Code, as noted, states that a seller's right to reclaim is subject to the rights of a good faith purchaser. O.C.G.A. § 11–2–702(3). Included in the definition of "purchase" is the taking by mortgage, pledge, lien, or any other voluntary transaction creating an interest in property. O.C.G.A. § 11–1–201(32). To purchase in good faith means to act honestly in the conduct or transaction concerned. O.C.G.A. § 11–1–201(19). It is well established that these statutory provisions clearly include a secured party with a properly perfected security interest in a debtor's inventory in the definition of "good faith purchaser". *In re Samuels & Co.*, 526 F.2d 1238 (5th Cir.1976), *cert. denied sub nom., Stowers v. Mahon*, 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976); *In re Smith*, 51 B.R. 904, 910 (Bankr.M.D.Ga.1985); *B & P Lumber Co. v. First National Bank*, 147 Ga.App. 762, 764, 250 S.E.2d 505 (1978); *Lavonia Manufacturing Co. v. Emery Corp.*, 52 B.R. 944, 946 (E.D.Pa.1985); *In re Roberts Hardware Co.*, 103 B.R. 396, 398 (Bankr.N.D.N.Y.1988); *In re Diversified Food Service Distributors, Inc.*, 130 B.R. 427, 429–30 (Bankr.S.D.N.Y.1991); *In re FCX, Inc.*, 62 B.R. 315, 322 (Bankr. E.D.N.C.1986); *In re Lawrence Paperboard Corp.*, 52 B.R. 907 (Bankr.D.Mass. 1985); *In re MacMillan Petroleum (AR-KANSAS), Inc.*, 115 B.R. 175, 179 (Bankr. W.D.Ark.1990). Therefore, if the Court finds that CIT's security interest in Debtor's inventory is valid, Sellers' right to reclaim the goods sold to Debtor would be subject to the prior right of CIT as a good faith purchaser.

█ However, the fact that Sellers' rights to reclaim would be subordinate to the claims of CIT does not necessarily mean that the right would be extinguished. The statutory language explicitly states that a seller's right to reclaim is *"subject to* the rights of ... good faith purchaser ..."* O.C.G.A. § 11–2–702(3) (emphasis added). The use of the term "subject to" indicates that right to reclaim is not automatically extinguished merely because

there exists a claim with a higher priority. *Roberts Hardware*, 103 B.R. at 398; *FCX*, 62 B.R. at 323; *Bosler Supply Group*, 74 B.R. at 253; *In re Misco Supply Co.*, 42 U.C.C. 1662 (D.Kan.1986); *contra Lawrence Paperboard*, 52 B.R. at 911 (holding that a prior secured claim extinguishes a seller's right to reclaim); *In re Shattuc Cable Corp.*, 138 B.R. 557 (Bankr.N.D.Ill. 1992) (same). Instead, the effect of the language is to relegate the seller to some less commanding station. *FCX*, 62 B.R. at 322 *(citing In re Wathen's Elevators, Inc.*, 32 B.R. 912, 923 (Bankr.W.D.Ky.1983)). Any other interpretation of the statute ignores the clear language adopted by the state legislature and adds an additional requirement for a right to reclaim: that no senior lienholders or other prior claims exist. *Bosler Supply Group*, 74 B.R. at 253. The Court will not read the statute in this way. Therefore, the Court holds that a reclaiming seller, assuming that it can prove the necessary factual elements of O.C.G.A. § 11–2–702 and § 546(c) of the Code, has the right of reclamation even though there is a creditor with a prior perfected security interest on Debtor's inventory. The value of that right, if any, will be discussed in the following section.

**B.** Whether a reclaiming creditor should be granted a lien and/or administrative claim pursuant to 11 U.S.C. § 546 when there is a secured creditor with a prior perfected lien on a Chapter 11 debtor's inventory.

█ Even where a seller has established a right to reclamation pursuant to § 546(c) and O.C.G.A. § 11–2–702(2), the Court may still deny reclamation if the Court either grants the claim of the seller priority under § 503(b) of the Code, or alternatively, grants the seller a lien. 11 U.S.C. § 546(c)(2); *Roberts Hardware*, 103 B.R. at 398; *Griffin Retreading*, 795 F.2d at 679. The granting of a lien or an administrative claim is in lieu of, not in addition to, any right to reclaim. *FCX*, 62 B.R. at 322; *In re Coast Trading Co.*, 744 F.2d 686, 692 (9th Cir.1984). Whether the Court grants a lien or an administrative claim is

within the sole discretion of the Court. *Braniff*, 113 B.R. at 757; *In re Continental Airlines, Inc.*, 125 B.R. 415 (Bankr. D.Del.1991).

▮ Although § 546(c)(2) is unambiguous on its face, courts are not in agreement as to the scope of relief to be given to the aggrieved seller that is denied reclamation. One line of cases seemingly supports the proposition that once a valid right to reclaim is established, a seller should receive a lien or administrative priority claim for the full amount of the goods sought to be reclaimed. *Diversified Food Service*, 130 B.R. at 430; *Roberts*, 103 B.R. at 399; *Bosler*, 74 B.R. at 254–55; *In re Western Farmers Assoc.*, 6 B.R. 432 (Bankr. W.D.Wash.1980); *see also United States v. Westside Bank*, 732 F.2d 1258 (5th Cir. 1984) (interpreting, in a non-bankruptcy case, the U.C.C. and § 546(c)(2) to allow preferential treatment to reclaiming sellers after senior liens have been satisfied). However, this Court believes that granting a lien or an administrative priority claim for the full amount of the goods sought to be reclaimed is contrary to the purpose of § 546. As previously stated, § 546 does not enhance the rights of a seller, or give value to rights that had no value outside of bankruptcy, but only protects the rights that it may have under state law. *Video King*, 100 B.R. at 1016–17; *FCX*, 62 B.R. at 322; *Dynamic Technologies Corp.*, 106 B.R. at 1003–1004; *In re Flagstaff Foodservice Corp.*, 14 B.R. 462, 467 (Bankr. S.D.N.Y.1981). If this Court granted a lien or administrative claim to a seller whose right to reclamation was worthless outside of bankruptcy, the seller would, in essence, be given more rights than it would otherwise have under state law, which is contrary to the "equal treatment of creditors" concept of the Code. *Video King*, 100 B.R. at 1016. In *FCX*, Judge Small described the position of a seller that holds such an unenforceable right:

If the Uniform Commercial Code, rather than giving a right to reclaim, instead gave the seller a junior lien on the property sold, the seller's lien in bankruptcy would only exist to the extent that the value of the collateral exceeded the amount of the prior lienholder's claim. If the amount of the prior lienholder's security interest exceeded the value of the security, the seller's lien would have no value. The rights of a reclaiming seller under U.C.C. § 2–702 have a lower status than that of a junior lien creditor and consequently a reclaiming seller's rights have no value if the floating lien, to which those rights are inferior, exceeds the value of the lienholder's collateral. In those circumstances, the lienholder's rights would be "cut-off."

Section 546(c) preserves the rights that a reclaiming seller has under state law and § 546(c)(2), which authorizes the granting of an administrative priority or substitute lien, gives the court needed flexibility and some alternatives to facilitate the debtor in possession's use of its assets in a chapter 11 case. Section 546(c)(2), however, does not give reclaiming sellers more than they would have under state law.

*FCX*, 62 B.R. at 323. A similar result was reached by Judge Ginsberg in the Northern District of Illinois:

If, on the other hand, the reclamation rights of Toshiba and/or Panasonic would be valueless outside of bankruptcy because the goods in question for whatever reason would go first to satisfy the Bank's claim, those rights are equally valueless in the bankruptcy context, and the claimants would be entitled to no administrative claim or lien for the denial of the chance to exercise this valueless right ... [Section 546(c)] is not intended to enhance such nonbankruptcy entitlements or to give value to rights which had no value outside of the bankruptcy context.

*Video King*, 100 B.R. at 1017. Finally, this Court has previously held that a seller must have an *enforceable* right of reclamation before the Court will grant the seller a lien or an administrative priority claim. *Champion International Corp. v. All American Housing of Alabama, Inc. (In re All American Housing of Alabama, Inc.)*, Case No. 83–03720A, Adv. No. 83–2069, slip op. at 12 (Bankr.N.D.Ga. July 18,

1984) (B.J. Drake) (emphasis in original). In that case, this Court, faced with the identical issue as in the case *sub judice*, held that a prior secured creditor with a floating lien on the debtor's inventory precluded the seller from reclaiming the goods sold, since the statutory language provided that the seller's right to reclaim was "subject to" the rights of a good faith purchaser.[1] *Id.*, slip op. at 7. The Court then determined that the seller was not entitled to a lien or administrative priority claim since granting such relief would elevate the seller's otherwise unsecured claim by the amount that the seller would have been entitled to reclaim absent the secured claim, even though the seller in fact had no right to overturn the lien and reclaim the goods under state law. *Id.*, slip op. at 7-8. Accordingly, the seller was denied any relief. By interpreting § 546(c)(2) so as to require the seller to show some value outside of bankruptcy, and granting a lien or priority claim based on this value, the "claim of such a seller" is defined consistently with the seller's claim outside of bankruptcy. If it was worthless outside of bankruptcy, it will be worthless in bankruptcy. This position is consistent with both the wording of O.C.G.A. § 11-2-702 and § 546(c) of the Bankruptcy Code, as well as the intent of Congress in protecting the rights of reclaiming sellers. Therefore, in order to be entitled to a lien or administrative priority claim, pursuant to § 546(c)(2) of the Bankruptcy Code, a seller must show that its right to reclaim has some value outside of the bankruptcy context. *All American, supra,* slip op. at 12. Otherwise, the seller will not be entitled to such relief.

### C. Conclusion

Accordingly, it is the holding of this Court that a seller may have a right to reclaim pursuant to O.C.G.A. § 11-2-702, notwithstanding the existence of a secured creditor with a prior claim. In such a case,

the seller may then be entitled to a lien or administrative priority claim, pursuant to 11 U.S.C. § 546(c)(2), but only if the seller can establish that his right to reclaim has some value outside of the bankruptcy context.

In the present case, CIT has a floating lien on all of Debtor's inventory, including the goods sought to be reclaimed. Therefore, as discussed in the previous section, its claim would take priority over Sellers' right to reclaim, and Sellers would be relegated to a subordinate position. However, that does not mean that Sellers would automatically be entitled to a lien or administrative claim pursuant to § 546(c)(2). If the value of the inventory is insufficient to pay CIT's priority claim in full, as is the case with most debtors, then Sellers would, in effect, have a valueless right to reclaim outside of bankruptcy, since all of the goods sold to Debtor would be subject to CIT's claim.

The Clerk's office is hereby directed to serve a copy of this Order upon the debtor and all parties asserting a right to reclaim goods from the debtor.

IT IS SO ORDERED.

---

1. The Court stated in *All American* that the seller "has no right of reclamation under U.C.C. § 2-702(2), given the superior position of the CIT lien." *All American,* slip op. at 7. Although this statement indicates that the Court's holding was that the right was extinguished by the prior secured claim, the discussion and cases cited in the Order clearly show that the Court's holding was that the seller's lien was subordinate to the claim of the secured creditor, but not necessarily valueless or extinguished.