**In re ROBERTS HARDWARE COMPANY, Debtor.**

**Bankruptcy No. 87–01800.**

United States Bankruptcy Court, N.D. New York.

April 11, 1988.

Roy Sanders, Syracuse, N.Y., for debtor.

Giorgio and De Poto, Syosset, N.Y., for Life Industries Corp. (Frank Giorgio, of counsel.)

Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y., for Marine Midland

Bank (Robert M. Spaulding and Mark T. Perry, of counsel.)

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

This cause comes before the Court on the motion of Life Industries Corporation ("LIC") for the reclamation of goods pursuant to § 546(c) of the Bankruptcy Code, 11 U.S.C.A. §§ 101–1330 (West 1979 & Supp. 1988) ("Code"). Marine Midland Bank, N.A. ("Marine") has requested that LIC's relief be restricted to an administrative expense priority under Code § 546(c)(2)(A). The motion was argued on January 26, 1988 in Syracuse, New York, whereupon it was submitted for decision.

## FACTS

· The facts are not in dispute. On December 10, 1987, LIC shipped to Roberts Hardware Company ("Debtor") various merchandise on credit, amounting to $15,-640.61. On December 14, 1987, the Debtor filed a voluntary petition under Chapter 11 of the Code, listing $1,633,592.00 in debt and $1,370,400.00 in property.[1] On the same day, LIC wrote a notice of reclamation to the Debtor that, because of insolvency, it was requesting the return of the goods it claimed the Debtor received on December 11, 1987.

Apparently after receiving no response to its letter, LIC filed the instant motion, as amended, on January 8, 1988. Citing its compliance with the requirements of Code § 546(c), it seeks an order directing the Debtor to turn over and physically deliver the goods. In the event the Debtor disposed of the goods, LIC asks for the proceeds, or, in the alternative, an administrative expense priority or lien on its claim under Code § 546(c)(2)(A) or (B), respective-

ly. LIC states that the existence of a secured creditor cannot extinguish its right to reclamation but acknowledges the Court's ability to limit its relief to an administrative expense priority or lien.

Marine, the Debtor's largest creditor,[2] argues that LIC's right to reclamation under Code § 546(c) is limited by § 2–702 of the New York Uniform Commercial Code (McKinney 1964 & Supp.1988) ("NYUCC"). Thus, it is subject to Marine's prior perfected security interest in all of the Debtor's accounts and inventory, including after-acquired property, and any resulting proceeds and profits. Since it became a good faith purchaser upon the perfection of its security interest, and, in relation to the goods in question, when the Debtor received them, Marine contends that its superior interest cancels LIC's right to reclaim. Marine asserts that LIC's claim, arising from the delivery of the goods, should only be granted priority as an administrative expense under Code § 503(b), as set forth in Code § 546(c)(2)(A).

At the hearing, counsel for the Debtor and Marine appeared and counsel for LIC, after being informed beforehand that oral argument would take place, chose to submit on its papers. The Debtor stated that it had received the goods on December 11, 1987, prior to its filing, and neither party disputed the timeliness of LIC's written notice of reclamation. Relying on the incorporation of NYUCC provisions into Code § 546(c), Marine reiterated its position that its lien was superior to and thus overrode LIC's right to reclaim the goods.

## JURISDICTIONAL STATEMENT

The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C.A. §§ 1334 and 157(a), (b)(1), (b)(2)(B) and (E) (West 1979 & Supp.1988) and follows the procedures prescribed in Rules 9014 and

---

1. In amendments filed February 16, 1988, both figures were adjusted upward, to wit, $1,966,-604.00 in debt and $1,392,088.00 in property.

2. The Debtor listed Marine in its amended petition as holding a claim of $695,300.00, secured "by inventory, receivables and taxed assets

(1986)" with a market value of 1.8 million dollars. On February 2, 1988, Marine filed a proof of claim in the amount of "$917,379.78 plus interest and attorneys fees ... for advances made pursuant to notes."

7052 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.").[3]

## ISSUE

Whether a secured creditor with a floating lien takes precedence over a seller's right to reclaim under Code § 546(c) and confines the seller to the alternate remedies set out in Code § 546(c)(2)?

## CONCLUSIONS OF LAW

Congress enacted Code § 546(c) to dispel much of the confusion generated by the validity of § 2–702 of the Uniform Commercial Code in the bankruptcy context. *See* H.R.REP. No. 95–595, 95th Cong., 1st Sess. 371–372, *reprinted in* 1978 U.S. CODE CONG. & ADMIN.NEWS 5963, 6327–6328 ("House Report"); S.REP. No. 95–989, 95th Cong.2d Sess. 86–87, *reprinted in* 1978 U.S.CODE CONG. & ADMIN. NEWS 5787, 5872–5873 ("Senate Report"); 4 L.King COLLIER ON BANKRUPTCY ¶ 546.04 at 546–14 (2d ed 1987). To that end, "[a]s under nonbankruptcy law, the right [of reclamation] is subject to any superior rights of other creditors." House Report, *supra*, at 372, 1978 U.S.CODE CONG. at 6328, Senate Report, *supra*, at 86, 1978 U.S.CODE CONG. at 5872. This subordination is not the equivalent of a cancellation or an extinguishment, for although its first position might be eliminated, a seller with an otherwise valid right would still be "relegat[ed] to some less commanding station." *Harris Trust and Savings Bank v. Wathen's Elevators, Inc. (In re Wathen's Elevators, Inc.)*, 32 B.R. 912, 923 (Bankr.W.D.Ky.1983).

As Bankruptcy Judge A. Thomas Small observed

Section 546(c) preserves the rights that a reclaiming seller has under state law and § 546(c)(2), which authorizes the granting of an administrative priority or substitute lien, gives the court needed flexibility and some alternatives to facili-

tate the debtor in possession's use of its assets in a chapter 11 case. Section 546(c)(2), however, does not give reclaiming sellers more than they would have under state law.

*In re FCX, Inc.*, 62 B.R. 315, 323 (Bankr.E. D.N.C.1986). Thus, if the goods are subject to any superior interests and the required procedure under the Code is followed, the reclaiming seller is entitled to one of the two alternate forms of relief, which are "in lieu of, not in addition to, any right to reclaim." *Collingwood Grain, Inc. v. Coast Trading Co., Inc. (In re Coast Trading Co., Inc)*, 744 F.2d 686, 692 (9th Cir.1984) (J.Kennedy). *See also Griffin Retreading Co. v. Oliver Rubber Co. (In re Griffin Retreading Co.)*, 795 F.2d 676, 679 (8th Cir.1986); *American Saw & Mfg. Co. v. Bosler Supply Group (In re Bosler Supply Group)*, 74 B.R. 250, 254 (N.D.Ill.1987); *In re FCX, Inc., supra*, 62 B.R. at 322–323. Code § 546(c) is the seller's exclusive remedy against a debtor in bankruptcy. *See Hitachi Denshi America, Ltd. v. Rozel Ind., Inc. (In re Rozel Ind., Inc.)*, 74 B.R. 643, 645 (Bankr.N.D.Ill. 1987) (and cases cited therein); 4 COLLIER ON BANKRUPTCY, *supra*, ¶ 546.04 at 546.–20.

▪ LIC's statutory rights as a seller of goods are grounded in the NYUCC. In order for Marine's valid security interest, which was perfected upon attachment, *see* NYUCC, *supra*, at § 9–203, to prevail over LIC's right of reclamation under the Code, Marine must be a good faith purchaser under NYUCC § 2–403. NYUCC at § 2–702(3). Since it is clear that Marine is a purchaser for value within the meaning of the Code, and the NYUCC, *see* Code §§ 101(37), (50); NYUCC, *supra*, at §§ 1–201(32), (33), (44)(b), its superior status turns on the issue of good faith. *See id.* at § 1–201(19); *Shell Oil Co. v. Mills Oil Co., Inc.*, 717 F.2d 208, 211–212 (5th Cir.1983). LIC bears the burden of proving Marine's lack of good faith. *See In re Coast Trad-*

---

3. The Court notes that the instant motion should have been brought as an adversary proceeding under Fed.R.Bankr.P. 7001. However, the Court chooses to resolve the dispute, rather than delay its adjudication, and proceed to the merits herein, observing that neither Marine nor the Debtor has raised this procedural defect.

*ing Co., Inc., supra,* 744 F.2d at 690; *In re FCX, Inc., supra,* 62 B.R. at 322.

There is no evidence before the Court that Marine did not act in good faith in its dealing with the Debtor. Accordingly, the Court holds that Marine is a good faith purchaser under NYUCC § 2–702 and its floating lien on the Debtor's now owned or after-acquired inventory is superior to LIC's right of reclamation under code § 546(c). *See In re FCX, Inc., supra,* 62 B.R. at 318, 319 (and cases cited therein). *See also Stowers v. Mahon (In re Samuels & Co., Inc.),* 526 F.2d 1238 (5th Cir.), *cert. denied,* 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976); *Lavonia Mfg. Co. v. Emery Corp. (In re Lavonia Mfg. Co.),* 52 B.R. 944, 946 (E.D.Pa.1985); *Bojalad & Co. v. Holiday Meat Packing Co. (In re Holiday Meat Packing Co.),* 30 B.R. 737, 740–741 (Bankr.W.D.Pa.1983); *Petroleum Specialties, Inc. v. McLouth Steel Corp. (In re McLouth Steel Corp.),* 22 B.R. 722, 724 (Bankr.E.D.Mich.1982); *Western Farmers Ass'n. v. Ciba Geigy (In re Western Farmers Ass'n),* 6 B.R. 432, 433–434 (Bankr.W. D.Wash.1980); 4 COLLIER ON BANK-RUPTCY, *supra,* ¶ 546.04 at 564.18.

■ None of the parties take issue with LIC's compliance with Code § 546(c) or that the goods sought to be reclaimed were in the Debtor's possession at the time of the demand. Hence, the Court finds that the disputed goods were sold in LIC's ordinary course of business to the Debtor who was insolvent within the meaning of Code § 101(31)(A) when it received, or took physical possession of them, *see* NYUCC, *supra,* at § 2–103(1)(c), three days prior to its filing. *See Allstate Fabricators Corp. v. Flagstaff Foodservice Corp., (In re Flagstaff Foodservice Corp.),* 56 B.R. 899, 905, 907 (Bankr.S.D.N.Y.1986) (schedules are strong probative evidence of debtor's insolvency on date it received goods from seller—one week before it filed Chapter 11—because no showing had been made to warrant inference that debtor went from solvency to insolvency in the week preceding

its filing). Furthermore, LIC demanded in writing the reclamation of the goods three days after the Debtor received them, well within the prescribed ten-day limit.

Having met the three predicate limitations of Code § 546(c), LIC is entitled to the alternate relief set out in subsection (2) since Marine's superior status precludes its ability to exercise its right of reclamation with respect to the goods and any ensuing proceeds. The Court finds the administrative expense priority claim under § 546(c)(2)(A) to be the most appropriate form of relief. *See In re Western Farmers Ass'n, supra,* 6 B.R. at 347.[4]

Based on the foregoing, LIC's motion under Code § 546(c) is granted insofar as its claim is given an administrative expense priority under Code § 503(b).

IT IS SO ORDERED.

---

**4.** This conclusion is supported by LIC's less than vigorous advocacy with regard to the necessity of repossession of the goods, as evidenced by its non-appearance at oral argument and the request in its papers for alternate relief under Code § 546(c)(2).