In re REA KEECH BUICK, INC., Debtor.

FITZGERALD BUICK, INC., Movant,

v.

REA KEECH BUICK, INC., et al., Respondents.

LUSTINE OLDS–BUICK, INC., Movant,

v.

REA KEECH BUICK, INC., et al., Respondents.

Bankruptcy No. 91–5–7924–JS.

United States Bankruptcy Court, D. Maryland.

April 15, 1992.

William L. Farrar, Jr., Allen E. Hirschmann, Schweitzer, Bentzen & Scherr, Washington, D.C., for Fitzgerald Buick, Inc.

Gary A. Rosen, Gary A. Rosen, Chartered, Bethesda, Md., for Lustine Olds–Buick, Inc.

Richard M. Goldberg, Steven Troy, Shapiro & Olander, Baltimore, Md., for Mellon Bank.

W. Michel Pierson, Pierson, Pierson & Nolan, Baltimore, Md., for debtor.

Marc R. Kivitz, Baltimore, Md., trustee.

## MEMORANDUM OPINION DENYING MOTIONS FOR RELIEF FROM AUTOMATIC STAY

JAMES F. SCHNEIDER, Bankruptcy Judge.

Fitzgerald Buick, Inc. and Lustine Olds–Buick, Inc. filed motions for relief from automatic stay against the debtor, Rea Keech Buick, Inc. For the reasons stated, both motions will be denied.

### FINDINGS OF FACT

1. The debtor, Rea Keech Buick, Inc., filed a voluntary Chapter 11 bankruptcy petition in this Court on December 11, 1991. The debtor is a Maryland corporation engaged in the retail sale of new and used automobiles.

2. According to a motion filed by Mellon Bank for the appointment of a trustee or to convert or dismiss the case, the debtor's business was closed as of December 4, 1991 when Mellon Bank levied upon and seized all of the debtor's assets by order of the Circuit Court for Howard County, Maryland. Mellon Bank alleged that it was fully secured in all of the debtor's assets by reason of an inventory loan and security agreement (wholesale floorplan agreement) dated May 6, 1988 which was assigned to Mellon Bank by the original lender.

3. On November 8, 1991, Mellon Bank filed a complaint for injunctive relief against Rea Keech Buick, Inc. in the Circuit Court for Howard County and the same day obtained an *ex parte* injunction that enjoined the debtor from diverting Mellon Bank's collateral and that required the debtor to provide Mellon Bank access to the debtor's books and records. The court granted a preliminary injunction against the debtor on November 18, 1991.

4. Mellon Bank alleged that among other things, the debtor had engaged in the fraudulent sale of new and used automobiles for cash to other automobile dealers, including dealers located outside the state of Maryland, and thereafter failed to remit those proceeds to Mellon Bank.

5. Mellon Bank argued before this Court that proof of fraudulent activity on the part of the debtor was so compelling that the circuit court granted Mellon Bank writs of attachment before judgment *ex parte* on all of the debtor's assets. The writs were executed by the Sheriff of Howard County on December 4, 1991. One

week later, the debtor filed the instant Chapter 11 bankruptcy case.

6. Pursuant to the motion filed by Mellon Bank, and after notice and a hearing, this Court converted the instant case to a proceeding under Chapter 7 of the Bankruptcy Code by order [P. 6] dated December 17, 1991. On the same date, the U.S. Trustee designated Marc R. Kivitz as interim Chapter 7 trustee [P. 10].

## FITZGERALD BUICK INC.'S MOTION

7. On December 13, 1991, Fitzgerald Buick, Inc. filed a motion for relief from automatic stay [P. 8]. Fitzgerald is an automobile dealership incorporated in Maryland and located in Kensington, Maryland where it is engaged in the sale of new and used automobiles.

8. The subject of Fitzgerald's motion is a 1992 Buick LeSabre automobile which Fitzgerald claims it agreed to sell to Rea Keech Buick, Inc. on November 21, 1991 for $19,097.16. The vehicle was delivered to the debtor's premises in exchange for which the debtor tendered a check to Fitzgerald in the stated amount. The check was deposited and returned to Fitzgerald for "insufficient funds." Fitzgerald claims ownership in the vehicle which it asserts is among the debtor's inventory on a lot in Ellicott City, Maryland. It claims that the debtor's tender of a check amounted to a conditional payment which, upon dishonor, entitled Fitzgerald to reclaim the vehicle in question. Fitzgerald asserts a lack of adequate protection resulting from its inability to determine whether insurance coverage is in effect regarding the automobile. An order submitted with the motion directs the debtor to deliver the vehicle to Fitzgerald.

9. At a hearing on the motion, counsel for Fitzgerald acknowledged that the movant did not make demand upon the debtor for reclamation of the motor vehicle within ten days of delivery. Copies of five letters sent by movant's counsel by facsimile transmission ("fax") to Mellon's counsel between December 6 and 9, 1991 were admitted into evidence. The movant submitted no evidence of the debtor's insolvency on the date the vehicle was delivered.

## LUSTINE OLDS–BUICK, INC.'S MOTION

10. On December 26, 1991, Lustine Olds–Buick, Inc. filed a similar motion for relief from automatic stay [P. 9]. Lustine is an automobile dealership incorporated in Maryland and located in Hyattsville, Maryland, where it is engaged in the sale of new and used automobiles.

11. The subject of Lustine's motion is also a 1992 Buick LeSabre automobile which Lustine transferred to the debtor on November 6, 1991, in return for which the debtor promised to pay $18,398.11. Lustine claims that Rea Keech never tendered that sum to it, and that the 1992 LeSabre is among the debtor's inventory now in the possession of Mellon Bank. Lustine filed a replevin action in the District Court of Maryland for Howard County against the debtor which was pending on the date the debtor filed its Chapter 11 petition and which was stayed by the automatic stay of 11 U.S.C. § 362. Lustine alleges that it is the owner of the automobile, or alternatively that because Mellon Bank has claimed a security interest in the automobile, it never became property of the debtor's estate pursuant to 11 U.S.C. § 541(a), and therefore the automatic stay should be lifted to permit the replevin action for the return of the automobile to proceed in the state district court.

12. At a hearing held on this motion, counsel for Lustine acknowledged that his client made no written demand upon the debtor for the return of the motor vehicle within ten days of its delivery. Numerous oral demands were made during that period and thereafter Lustine filed its replevin action against the debtor on December 5, 1991. The movant offered no evidence on the issue of the debtor's insolvency on the date of delivery.

13. The trustee answered both motions, denied that the vehicles in question belonged to the movants, indicated that the vehicles were property of the debtor's estate and subject to the security interest of Mellon Bank, and prayed that the motions be denied.

14. As to the motion filed by Fitzgerald, Mellon Bank answered that

∴ [T]itle to the subject vehicle passed to the debtor when it was delivered to the debtor. Mellon further states that Fitzgerald took no action to recover the vehicle prior to the filing of debtor's voluntary bankruptcy petition and, thus, the debtor had possession of the vehicle prior to and at the time of the filing of debtor's voluntary bankruptcy petition. Therefore, the debtor had legal title to the subject vehicle at the time of the bankruptcy filing and whether or not the sale of the vehicle was conditional, the vehicle is subject to the claims and liens in favor of Mellon which holds a perfected security interest in all of the debtor's inventory.

Answer of Mellon Bank [P. 24], ¶ 6.

15. As to the motion filed by Lustine, Mellon Bank answered that

... Lustine lost any rights or interest it may have had in the subject vehicle because it failed to timely exercise its ten-day right of reclamation as evidenced by the fact that the subject vehicle was not in Lustine's possession on November 16, 1991 or thereafter. Further, Mellon states that Lustine admits that Mellon has a perfected security interest in the subject automobile in that Mellon holds a perfected security interest against all of the debtor's inventory.

Answer of Mellon Bank [P. 29], ¶ 9.

## CONCLUSIONS OF LAW

■ 1. The instant motions for relief from automatic stay will be denied. The exclusive remedy for a seller to reclaim goods sold to an insolvent debtor is a complaint filed in the bankruptcy court pursuant to Section 546(c) of the Bankruptcy Code. *In re Dynamic Technologies Corp.,* 106 B.R. 994 (Bankr.D.Minn.1989); *In re Rozel Indus., Inc.,* 74 B.R. 643 (Bankr. N.D.Ill.1987); *In re Flagstaff Foodservice Corp.,* 56 B.R. 899 (Bankr.S.D.N.Y.1986); *In re Furniture Distribs., Inc.,* 45 B.R. 38 (Bankr.D.Mass.1984); *In re HRT Indus., Inc.,* 29 B.R. 861 (Bankr.S.D.N.Y.1983); *Matter of Deephouse Equip. Co., Inc.,* 22 B.R. 255 (Bankr.D.Conn.1982); *In re Alla-Ohio Valley Coals, Inc.,* 22 B.R. 336 (Bankr.D.D.C.1982); *In re Koro Corp.,* 20 B.R. 241 (Bankr. 1st Cir.1982); *In re Ateco Equip., Inc.,* 18 B.R. 917 (Bankr.W.D.Pa. 1982); *In re Contract Interiors, Inc.,* 14 B.R. 670 (Bankr.E.D.Mich.1981); *In re Original Auto Parts Distribs., Inc.,* 9 B.R. 469 (Bankr.S.D.N.Y.1981).

2. Section 546(c) provides:

(c) Except as provided in subsection (d) of this section, the rights and powers of a trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor; and

(2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court—

(A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or

(B) secures such claim by a lien.

11 U.S.C. § 546(c) (1988).

3. The motor vehicles claimed by the movants in the instant motions for relief from automatic stay were goods sold in the ordinary course of the sellers' business.

4. The sale of the vehicle by Fitzgerald Buick to the debtor in exchange for a check was a "cash sale," while the sale of the vehicle by Lustine to the debtor in exchange for a promise to pay was a "credit sale." The remedies available to a cash seller of goods are set forth in Section 2-507 of the Maryland Commercial Law Article. A seller of goods on credit to an insolvent buyer has a right of reclamation pursuant to Maryland Commercial Law Article Section 2-702(2). *See In re Wathen's Elevators, Inc.,* 32 B.R. 912, 918 (Bankr. W.D.Ky.1983). Therefore, both Fitzgerald and Lustine possess statutory rights as sellers of goods for reclamation.

5. However, "[a]ny common law or statutory right to reclaim goods sold in the ordinary course of business is contingent upon (the seller) making a written demand within ten days of the Debtor's receipt of the goods." *In re Koro Corp.*, 20 B.R. at 243 (citations omitted). In the instant case, the movants have failed to prove that they made a timely, written demand upon the debtor for the return of the vehicles, thus precluding their right to reclamation.

6. Even if the movants *had* made a timely, written demand of the debtor, their right to reclamation is subject to the superior rights of Mellon Bank as "a secured creditor with a floating lien on the debtor's inventory or other assets." 4 *Collier on Bankruptcy*, ¶ 546.04 at 546–21 (15th ed. 1991), citing *inter alia, In re Energy Co-op., Inc.*, 94 B.R. 975 (N.D.Ill. 1988) and *Matter of Holiday Meat Packing, Inc.*, 30 B.R. 737 (Bankr.W.D.Pa. 1983).

7. Mellon Bank also enjoys the status of a "good faith purchaser" under applicable nonbankruptcy law. Section 2–403 of the Maryland Commercial Law Article provides, in part, that:

(1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though

(a) The transferor was deceived as to the identity of the purchaser, or

(b) The delivery was in exchange for a check which is later dishonored, or

(c) It was agreed that the transaction was to be a "cash sale," or

(d) The delivery was procured through fraud punishable as larcenous under the criminal law.

Md.Com.Law Code Ann. § 2–403(1) (1975 & Supp. 1991).

"The key term 'purchasers' is broadly defined in the U.C.C. to include persons who take by sale, discount, negotiation, mortgage, pledge, lien, issue or re-issue, gift or any other voluntary transaction creating an interest in property." *In re Wathen's Elevators, Inc.*, 32 B.R. at 919 (holding that a bank was a b.f.p. because its security interest in a debtor's inventory was equivalent to a mortgage and its commitment to extend credit to the debtor constituted value).

8. Assuming the sellers had given the debtor proper notice, Mellon Bank's superior claim would not entirely defeat the sellers' rights but would merely relegate them to a lower priority and provide a secondary lien as an alternative to reclamation. *Matter of Bosler Supply Group*, 74 B.R. 250 (N.D.Ill. 1987); *In re Davidson Lumber Co.*, 22 B.R. 775 (Bankr.S.D.Fla. 1982); *In re Flagstaff Foodservice Corp.*, 14 B.R. 462 (Bankr.S.D.N.Y. 1981). Absent proper notice, however, this relief is not available to the sellers in the instant case. 11 U.S.C. § 546(c)(2).

For all of these reasons, the motions for relief from stay will be denied.

ORDERS ACCORDINGLY.