**In re CHILD WORLD, INC., Debtor.**

**Bankruptcy No. 92 B 20887.**

United States Bankruptcy Court, S.D. New York.

Sept. 16, 1992.

See also 142 B.R. 87.

Whitman & Ransom, New York City, for petitioners.

Weil, Gotshal & Manges, New York City, for debtor.

O'Melveny & Myers, New York City, for Bankers Trust Co.

Otterbourg, Steindler, Houston & Rosen, P.C., New York City, for Creditors' Committee.

## DECISION ON MOTION FOR RECLAMATION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

A petition for reclamation pursuant to 11 U.S.C. § 546(c) and U.C.C. § 2–702 was filed by petitioners, Hasbro, Inc., Milton Bradley Company, a division of Hasbro, Inc., Hasbro Toy, a division of Hasbro, Inc. (collectively "Hasbro"), Playskool, Inc., Playskool Baby, Inc., Tonka Corporation, Kenner Products, a division of Tonka Corporation, and Parker Brothers, a division of Tonka Corporation (collectively the "Petitioners").

The debtor, Child World, Inc., is a publicly owned company that is the nation's second largest retail toy supermarket chain. On May 6, 1992, the debtor filed with this court a petition for relief under Chapter 11 of the Bankruptcy Code and has continued in business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. The debtor is pursuing a liquidation of its assets under the aegis of Chapter 11.

## FINDINGS OF FACT

1. In June, 1991, the debtor entered into a series of transactions to restructure its debt to certain of its bank creditors and certain of its trade creditors, including the Petitioners. As part of such restructuring and pursuant to the terms of a security agreement dated June 27, 1991, between the debtor and United States Trust Company of New York, as collateral agent for the banks and the trade creditors, the debtor granted to the Trust Company, for the benefit of the banks and the trade creditors, liens and security interests in virtually all the debtor's rights and interests in equipment, inventory, accounts, contract rights, general intangibles, books, records, fixtures, cash, money currency, deposit accounts, copyrights, trademarks, patents, building materials, trade secrets, and all proceeds thereof (collectively the "Collateral").

2. The security interests of the banks and trade creditors in the Collateral were recorded in the respective counties in which the debtor owned assets, starting on July 2, 1991 and continuing through September 11, 1991.

3. On March 2, 1992, the Petitioners made a written demand on the debtor to reclaim certain goods shipped to the debtor by the Petitioners within ten days of the demand notice.

4. On each of the delivery dates for which reclamation is sought the debtor was insolvent.

5. By motion dated May 7, 1992, which has been adjourned from time to time by the parties, the Petitioners sought authorization from the court to reclaim the goods pursuant to 11 U.S.C. § 546(c).

6. The total value of the Petitioners' reclamation claim exceeds $906,000.00.

7. Within ninety days before the filing of the debtor's Chapter 11 petition, the debtor paid Hasbro approximately $1,025,000.00 in advance for merchandise previously ordered on a cash-in-advance basis. During this period Hasbro shipped to the debtor merchandise priced at approximately $775,000.00, leaving a deficiency of approximately $252,000.00.

8. Hasbro applied the $252,000.00 deficiency as a setoff with respect to their claim against the debtor.

9. At the court hearing held in this matter on September 15, 1992, the Petitioners withdrew their claim for reclamation and, instead, requested an administrative expense priority claim pursuant to 11 U.S.C. §§ 546(c)(2)(A) and 503(b) for the unpaid purchase price with respect to the goods previously sought to be reclaimed.

## DISCUSSION

### Reclamation

The debtor notes that this court has previously held that a reclaiming seller under 11 U.S.C. § 546(c) and U.C.C. § 2–702 [1] does not have priority over a previously perfected lien creditor and is therefore not entitled to reclamation, citing *In re Diversified Food Service Distributors, Inc.*, 130 B.R. 427 (Bankr.S.D.N.Y.1991). The Petitioners also cite *Diversified Food* for the proposition that if they withdraw their reclamation application, they are, nonetheless, entitled to an administrative expense priority claim in accordance with 11 U.S.C. § 546(c)(2)(A).

■ In order to reclaim goods under 11 U.S.C. § 546(c) [2] and U.C.C. § 2–702, a creditor must establish: (1) that it sold goods to the debtor in the ordinary course of business; (2) the debtor was insolvent when the goods were received; (3) the creditor has a statutory or common law right to reclaim the goods and (4) the creditor demands reclamation in writing within ten days after the debtor receives the goods. In the instant case, the Petitioners have satisfied all of the statutory prerequisites to reclaim their goods as against the debtor exercising the rights and powers of a trustee in bankruptcy under 11 U.S.C. §§ 544(a), 545, 547 and 549. However, the Petitioners are prevented from enforcing their right of reclamation because U.C.C. § 2–702(3) makes a seller's reclamation rights subject to any sale of those goods by the debtor to a buyer in the ordinary course of business or by a sale to another good faith purchaser.[3] The holder of a perfected security interest will be treated as a good faith purchaser with rights superior to the seller's right of reclamation under U.C.C. § 2–702. *In re Coast Trading Co.*, 744 F.2d 686 (9th Cir.1984); *In re Samuels & Co.*, 526 F.2d 1238 (5th Cir.) (en banc), *cert. denied*, 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976); *Diversified Food*, 130 B.R. at 396.

■ Because of the existence of a prior perfected interest, the court would be required to deny a reclamation application sought by the Petitioners, notwithstanding that it satisfied the prerequisites under 11 U.S.C. § 546(c). In the event of such a denial by the court, there is a split of opinion as to whether the reclaiming seller is entitled, in the alternative, to an administrative priority claim under 11 U.S.C. § 546(c)(2)(A). Those courts which have allowed such an administrative priority claim have done so on the basis that the reclamation right was not extinguished, but that it was prevented or subordinated, as in the case of a superior perfected lien creditor. *Pester Refining Co. v. Ethyl Corp. (In re Pester Refining Corp.)*, 964 F.2d 842, 845–46 (8th Cir.1992); *Diversified Food*, 130 B.R. at 430; *In re Roberts Hardware Co.*, 103 B.R. 396, 398 (Bankr. N.D.N.Y.1988). *See Griffin Retreading Co. v. Oliver Rubber Co. (In re Griffin Retreading Co.)*, 795 F.2d 676, 680 (8th Cir.1986); *United States v. Westside Bank*, 732 F.2d 1258, 1265 (5th Cir.1984). On the other hand, some courts have held that no administrative priority should be allowed because if reclamation cannot be exercised due to a superior right, it must be deemed extinguished, thereby also extinguishing the alternative remedy of an administrative priority claim under 11 U.S.C.

---

1. U.C.C. § 2–702 is in effect in Massachusetts, New Jersey and Rhode Island, the jurisdictions relevant to this motion.

2. 11 U.S.C. § 546(c) provides
   (c) Except as provided in subsection (d) of this section, the rights and powers of a trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but—
   . . . .

(2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court
   (A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or
   (B) secures such claim by a lien.

3. U.C.C. § 2–702(3) states:
   (3) The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in the ordinary course or other good faith purchaser under this Article (Section 2–403). Successful reclamation of goods excludes all other remedies with respect to them.

§ 546(c)(2)(A). *In re Shattuc Cable Corp.*, 138 B.R. 557, 563 (Bankr.N.D.Ill.1992). *In re Video King of Illinois, Inc.*, 100 B.R. 1008, 1016–17 (Bankr.N.D.Ill.1989). The rationale for this position is that the administrative priority is in lieu of, and not in addition to, any right to reclaim. *Coast Trading*, 744 F.2d at 692.

In a recent Eighth Circuit case addressing the tension between U.C.C. § 2–702 and 11 U.S.C. § 546(c)(2)(A), the court expressly noted the distinction between subordinating a reclaiming seller to the rights of a senior perfected lien creditor, and extinguishing such rights as some courts have done.

> In the UCC context, when the right to reclaim is "subject to" the rights of secured creditors, that means that the right is subordinate or inferior to the security interests, not that it is automatically and totally extinguished. ... Therefore, after the secured creditors' superior interests have been satisfied or released, the reclaiming seller retains a priority interest in any remaining goods, and in any surplus proceeds from the secured creditors' foreclosure sale.

*Pester Refining*, 964 F.2d at 846 (citations omitted).

The *Pester Refining* case also observed that where the value of the reclaiming seller's rights is worthless because of the secured lien, the reclamation request is not denied, but is of no value. Therefore, the alternative remedy of an administrative priority under 11 U.S.C. § 546(c)(2)(A) is not available.

> In this situation, the bankruptcy court does not "deny reclamation" in recognizing that the reclamation right no longer has value; therefore, the alternative remedies of § 546(c)(2) do not come into play.

*Pester Refining*, 964 F.2d at 847.

Pursuant to 11 U.S.C. § 546(c)(2)(A) the granting of an administrative priority to a reclaiming seller is conditioned on the court's denial of reclamation. In the instant case, this court has not denied the Petitioners' reclamation application. Instead, the Petitioners decided to withdraw their application for reclamation, perhaps in light of the well-settled law that a superior perfected lien will subordinate the Petitioners' reclamation rights. *Coast Trading*, 744 F.2d 686; *Samuels*, 526 F.2d 1238; *Diversified Food*, 130 B.R. 427. Accordingly, the Petitioners have no reclamation application pending before this court. Absent such an application, there is no basis under 11 U.S.C. § 546(c)(2)(A) to grant an administrative priority to the Petitioners independently of a reclamation application. *Pester Refining*, 964 F.2d at 847. The court's authority to grant an administrative priority to an unpaid seller is conditioned upon the court's denial of the seller's right of reclamation. In view of the fact that this court has not denied the Petitioners' reclamation application, because it was voluntarily withdrawn by them, it follows that their remaining motion for an administrative priority must be denied.

### Setoff

■ The debtor has not filed any independent application seeking to recover for the Petitioners' alleged prepetition setoff. However, in the "WHEREFORE" clause in its opposition to the Petitioners' motion, the debtor requested an order denying the Petitioners' motion and "directing Hasbro to disgorge to the estate all funds that Hasbro setoff within 90 days of May 6, 1992 plus interest from the date of setoff...." Additionally, the debtor filed a supplement to its objection to the Petitioners' motion. In its supplemental objection, the debtor argues that setoff was impermissible under 11 U.S.C. § 553(a)(3) which reads as follows:

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—
>
> . . . .
>
> (3) the debt owed to the debtor by such creditor was incurred by such creditor—

(A) after 90 days before the date of the filing of the petition;

(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor.

11 U.S.C. § 553(a)(3). Apparently, the debtor reasons that the Petitioners deliberately failed to ship to the debtor all of the merchandise which the debtor paid for in advance so as to enable the Petitioners to offset their claim against the merchandise deficiency debt which they owed to the debtor during the ninety-day period prior to the Chapter 11 petition.

If the debtor intends to recover the money which it paid to the Petitioners for merchandise it did not receive on the ground that the Petitioners received the money and failed to deliver all the merchandise ordered so as to obtain a right of setoff against the debtor, as proscribed under 11 U.S.C. § 553(a)(3)(C), the debtor must seek such recovery in an appropriately pleaded complaint. Bankruptcy Rule 7001(1) provides that an adversary proceeding is required for an action to recover money or property. The debtor's inclusion of this cause of action in a "WHEREFORE" clause in a response to the Petitioners' motion for an administrative priority is not the correct procedure for raising this issue. Therefore, the court will not address the merits of the Petitioners' alleged improper setoff.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

2. Having voluntarily withdrawn their motion for reclamation, the Petitioners may not independently claim an administrative priority under 11 U.S.C. § 546(c)(2)(A) for merchandise sold and delivered to the debtor while insolvent. Accordingly, the Petitioners' motion is denied.

SETTLE ORDER on notice.