**In re CHILD WORLD, INC., Debtor.**

**NEW PLAN REALTY TRUST,**
**Appellant,**

v.

**CHILD WORLD, INC., and Schottenstein Stores Corporation,**
**Appellees.**

**Nos. 92 B 20887 (HS), 92 Civ. 8174 (VLB).**

United States District Court, S.D. New York.

Nov. 20, 1992.

Robert W. Dremluk, Penny R. Stark, Eaton & Van Winkle, New York City, for appellant.

Weil, Gotshal & Manges, New York City, for debtor-appellee.

James L. Weisman, Weisman Bowen, Pittsburgh, Pa., for Schottenstein Stores.

VINCENT L. BRODERICK, District Judge.

I

Appellant New Plan Realty Trust ("New Plan") has appealed from an order entered on September 16, 1992 by the Bankruptcy Court permitting the debtor Child World to assume and assign a lease of premises in a shopping center in Miamisburg, Ohio to Schottenstein Stores Corporation ("Schottenstein") for the purpose of operating a discount retail furniture store over the objection of the landlord (New Plan). 145 B.R. 5. On November 4, 1992, I denied appellant's application for a stay of the

Bankruptcy Court order pending this appeal. I now affirm the Bankruptcy Court order.

## II

Preliminarily, appellees argue that this appeal is moot because the Bankruptcy Court's order has already been implemented by closing the transfer. They urge that under 11 U.S.C. § 363(m), absent a stay, which was never granted in this case, reversal or modification of the assignment order on appeal would not affect the validity of the assignment. While § 363(m) does not bar remedies other than invalidation of the assignment in the event an order permitting an assignment were to be reversed, rapidly moving commercial transactions can readily be derailed by lawsuits threatening subsequent remedies. This has led courts to require application for preliminary relief, in lieu of suit for post-event damages or reversal of the transaction, where the objecting party has notice, and where a preliminary application is feasible. See generally *Piper v. Chris–Craft Industries*, 430 U.S. 1, 42, 97 S.Ct. 926, 949, 51 L.Ed.2d 124 (1977), quoting *Electronic Specialty Co. v. International Controls*, 409 F.2d 937, 947 (2d Cir.1969).

If, of course, a transaction were found to have been rushed through so quickly that prior relief would have been impracticable, the *Piper* principle as applied in bankruptcy cases might be inapplicable because prior relief would not have been feasible.[1] Thus restriction of remedies may or may not, depending on the circumstances, lead to the conclusion that no appropriate remedy is available.

These issues, however, need not be pursued in the present case, since I affirm the decision of Bankruptcy Judge Howard Schwartzberg on the merits for the reasons outlined below.

**1.** See generally, e.g., *In re Slocum*, 922 F.2d 1081 (3d Cir.1990).

**2.** I raised the question at the hearing on the motion for a stay whether Schottenstein's failure to bring this case to the attention of the Bankruptcy Court might have violated Fed. R.Civ.P. 11. Since this event occurred before

## III

Appellant New Plan seeks reversal of the Bankruptcy Court's order on the ground that Schottenstein's presence would disrupt the customer or tenant mix at the center, thus contravening the use clause in the lease in a manner making it reasonable under that clause and 11 U.S.C. § 365(f)(1) for the landlord to reject the assignment.

New Plan's attorney, however, signed a proposed consent order submitted to the Bankruptcy Court on September 10, 1992, set forth as Ex.C to Schottenstein's objections to the stay application (Dkt. No. 115, filed Oct. 28, 1992), consenting to the assignment challenged on this appeal. While this proposed consent order was not signed by the Bankruptcy Judge and is thus not independently binding as a court order, New Plan's agreement to its provisions is probably contractually binding, and may also be relevant as an admission by an adverse party pursuant to Fed.R.Evid. 801(d)(2). The only explanation given by New Plan for its change of position is discovery of an Ohio state court ruling under state law which went against Schottenstein involving an assertedly similar assignment involving another landlord. *Schottenstein Stores v. South Towne Centre, Ltd.*, 85–1437 (Ct. of Common Pleas, Montgomery County Feb. 23, 1988), Ex. A to New Plan's application for a stay. Lack of prior knowledge of this marginal enhancement of New Plan's legal position involving a non-bankruptcy assignment would hardly have led New Plan to agree voluntarily to a disposition significantly harmful to its interests.[2]

New Plan's consent to the assignment it now challenges would, absent significant rebutting evidence credited by the Bankruptcy Judge or so overwhelming that failure to credit it would have been clearly erroneous, justify holding New Plan to its

the Bankruptcy Court, which did not impose or recommend sanctions, I conclude that it is not necessary to pursue this question further. As indicated at the hearing, the failure appears traceable solely to Schottenstein and not to its counsel.

agreement. While New Plan claims that its experts predict disaster if Schottenstein occupies the space involved, no affidavits from other tenants or other reliable evidence have been cited to indicate that New Plan's September consent was ill advised or based on mistake.[3]

In view of the convincing reasons to believe that the claimed injury to New Plan which might justify overturning the Bankruptcy Court's order does not exist, and the deference due the Bankruptcy Court's ruling, that ruling cannot properly be disturbed.

SO ORDERED.

---

**3.** It is unclear to what extent, if any, the discount nature of the projected Schottenstein store is a reason for New Plan's objection to its presence in the shopping center. Because other circumstances in this case call for affirmance of the Bankruptcy Court's order, any potential public policy implications, were the court asked to enforce a ban on discounting, need not be considered. See generally Note, 104 Harv.L.Rev. 548 (1990).